GARY M. RESTAINO
United States Attorney
District of Arizona

MARCUS SHAND
Assistant United States Attorney
Pennsylvania State Bar No. 323052
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Marcus.Shand@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

NOV 0 5 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. **CR-24-1818-PHX-SMB (JZB)** |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:  18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Material False Statement During the Attempted Purchase of a Firearm) Count 1 |
| 1.  Ruben Navarro, and (Counts 1, 17-18) | |
| 2.  Cheyenne Mary-Lynne Ingram, (Counts 2-16) | 18 U.S.C. §§ 922(a)(6) and 924(a)(2) (Material False Statement During the Purchase of a Firearm) Counts 2-16 |
| Defendants. | 18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2 (Material False Statement During the Purchase of a Firearm, Aid and Abet) Count 17 |
| | 18 U.S.C. §§ 922(g)(9) and 924(a)(2) (Prohibited Possession of Firearms) Count 18 |
| | 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## <u>COUNT 1</u>

On or about December 11, 2021, in the District of Arizona, Defendant RUBEN NAVARRO knowingly made a false statement and representation in connection with the attempted acquisition of a firearm to CAL Ranch Stores, which was intended and likely to deceive CAL Ranch Stores as to a fact material to the lawfulness of a sale of a firearm by CAL Ranch Stores, which is licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of CAL Ranch Stores, in that Defendant RUBEN NAVARRO did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Record, stating he had not been convicted in any court of a misdemeanor crime of domestic violence, whereas in truth and fact, he knew he had been convicted of a misdemeanor crime of domestic violence in the Superior Court of California.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## <u>COUNTS 2-16</u>

On or about the dates listed below, in the District of Arizona, Defendant CHEYENNE MARY-LYNNE INGRAM knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant CHEYENNE MARY-LYNNE INGRAM did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating she was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant CHEYENNE MARY-LYNNE

- 2 -

INGRAM knew that she was buying the firearm on behalf of another person:

| Count | Date | Business (FFL) |
| --- | --- | --- |
| 2 | 12/12/2021 | CAL Ranch Stores (Yuma, AZ) |
| 3 | 12/17/2021 | Sportsman's Warehouse (Yuma, AZ) |
| 4 | 12/24/2021 | CAL Ranch Stores (Yuma, AZ) |
| 5 | 1/6/2022 | Sportsman's Warehouse (Yuma, AZ) |
| 6 | 1/13/2022 | Jones and Jones (Somerton, AZ) |
| 7 | 1/15/2022 | Jones and Jones (Somerton, AZ) |
| 8 | 1/16/2022 | CAL Ranch Stores (Yuma, AZ) |
| 9 | 1/17/2022 | Sportsman's Warehouse (Yuma, AZ) |
| 10 | 1/18/2022 | Jones and Jones (Somerton, AZ) |
| 11 | 1/20/2022 | Sprague's Sports (Yuma, AZ) |
| 12 | 1/22/2022 | Jones and Jones (Somerton, AZ) |
| 13 | 1/24/2022 | Sportsman's Warehouse (Yuma, AZ) |
| 14 | 1/24/2022 | Sprague's Sports (Yuma, AZ) |
| 15 | 1/29/2022 | Jones and Jones (Somerton, AZ) |
| 16 | 2/10/2022 | Jones and Jones (Somerton, AZ) |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## **COUNT 17**

On or about February 10, 2022, in the District of Arizona, Defendant RUBEN NAVARRO did knowingly and intentionally aid and abet CHEYENNE MARY-LYNNE INGRAM in knowingly making a false statement and representation in connection with the acquisition of a firearm to Jones and Jones, which was intended and likely to deceive Jones and Jones as to a fact material to the lawfulness of a sale of a firearm by Jones and Jones, which is licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jones and Jones, in that Defendant CHEYENNE MARY-LYNNE INGRAM did execute a Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Record, stating she was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, she knew that she was buying the firearm on behalf of Defendant RUBEN NAVARRO.

In violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), and 2.

## COUNT 18

On or about February 10, 2022, in the District of Arizona, Defendant RUBEN NAVARRO, knowing that he had been previously convicted of misdemeanor crime of domestic violence, knowingly possessed firearms, to wit:

(1) Colt AR-15 Model CR6920, 5.56x45mm Rifle, Serial No. CR057975, and

(2) Colt AR-15 Model CR6920, 5.56x45mm Rifle, Serial No. CR716462,

each of which had previously been shipped or transported in interstate or foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(9) and 924(a)(2).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations in Counts 1-18 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1-18 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable. If any forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendants

- 4 -

it is the intent of the United States to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Sections 853 and 881, Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date:  November 5, 2024

GARY M. RESTAINO
United States Attorney
District of Arizona


*s/*
MARCUS SHAND
Assistant U.S. Attorney

- 5 -